Liles v. The New Orleans Canal and Banking Company.

---

### SARAH W. LILES *v.* THE NEW ORLEANS CANAL AND BANKING COMPANY.

Damages cannot be recovered for the temporary detention of a note, where the only evidence that plaintiff sustained any damage, is the testimony of two witnesses, who swear that, in their opinion, she sustained damage to a certain amount, and neither states any fact upon which his opinion is based.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Chinn*, for the appellant.

*F. B. Conrad*, for the defendants.

MARTIN, J. This case was lately before us (6 Robinson 273), when the judgment was reversed, so far as the confirmation of the judgment by default gives damages, and remanded for further proceedings.

The defendants pleaded the general issue, and particularly that the plaintiff was entitled to no damages for the detention of the note, because she did not sustain any, and the defendants re-

Liles v. The New Orleans Canal and Banking Company.

tained the note a short time, as they were entitled to do, in order to ascertain whether the information they had received that they had rights thereto was correct.

The first judge gave judgment for the defendants, being of opinion that there was no evidence of the note having been taken by the bank, with the knowledge that the holder was without authority to dispose of it. The plaintiff appealed.

Our attention is first arrested by a bill of exceptions to the reading of the testimony of a witness, taken on the confirmation of the judgment by default, the witness being now absent from the State. This was excepted to, on the ground that the testimony was taken *ex parte*, without notice to the defendants, who had no opportunity of cross-examining the witness. The testimony coming up with the record, we have looked into it, and as it contains nothing material, we have thought it best not to spend any time in enquiring into its admissibility.

On the merits, we have the testimony of the plaintiff's attorney, who deposes, indeed, that, *in his opinion*, his client has sustained damages to the amount of five hundred dollars. The other witness, whose testimony was excepted to, says he came to New Orleans from the State of Illinois for the purpose of getting the note; that the plaintiff has been subjected to much trouble, vexation, and expense; and has, *in the witness' opinion*, sustained damages exceeding five hundred dollars, having himself made three trips from Illinois to this place. This witness does not inform us that he charged any thing for his trouble, nor that his journeys were not on other business.

Courts of justice expect from witnesses *facts*, not *opinions*, and neither of the above witnesses has imparted to us any fact upon which his opinion is based, the testimony being extremely vague.

The note bears interest at the rate of ten per cent per annum, and the solvability of the maker has not been questioned. The bank retained it but a short time; they may have erred in their right to do so, but they appear to have acted in good faith. The plaintiff has failed to show that she sustained any damages. On that ground, the judge, in our opinion, did not err in giving judgment for the defendants.

*Judgment affirmed.*